IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MCGOWAN, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN RANSOM, et al., | : | NO. 19-3262 |
|     Respondents. | : | |

## MEMORANDUM

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                     August   9 , 2019

      Before the Court for Report and Recommendation is the *pro se* petition for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by David McGowan, a prisoner at SCI – Dallas serving a life sentence following his conviction in the Bucks County Court of Common Pleas to a charge of first-degree murder. He seeks habeas relief on what he sets out as three grounds relating to the legality of his sentence and his access to the courts to raise that challenge. As we set out below, McGowan's petition was not filed within the time period set forth by statute and he has not properly presented any of the habeas claims for relief in the state courts. We are filing this Memorandum in support of our order to Petitioner to show cause why this matter should not be dismissed as untimely and/or procedurally defaulted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

      McGowan was tried before a jury and convicted on May 6, 1981 in Case Number CP-09-CR-0000027-1981 of murder in the first degree. The case proceeded to a capital sentencing phase but the jury recommended a sentence of life imprisonment. (CCP Crim. Dkt. at 8.) McGowan filed a motion in arrest of judgment and for a new trial, on which the court heard argument but which it ultimately denied on December 28, 1982. On February 25, 1983, the

Honorable Paul R. Beckert formally imposed the sentence of confinement for life. (*Id.*) *See also* Pet. at 2-3. McGowan filed an appeal to the Superior Court, asserting eight instances of trial court error or prosecutorial misconduct related to the guilt phase of his trial. (Pet. at 3, 3a.) At some time not apparent from the record,[1] that court affirmed the judgment of conviction, and the Pennsylvania Supreme Court denied allowance of appeal. (CCP Crim. Dkt. at 10.) *See also* Pet. at 3-4.

The state court docket sheet indicates that McGowan filed a petition under the then-applicable Post Conviction Hearing Act ("the PCHA") on or about April 12, 1990, that counsel was appointed, and that a hearing was held before the Honorable John J. Rufe on July 28, 1993. On August 3, 1993, however, the court denied the petition for PCHA relief. (CCP Crim. Dkt. at 12.) The docket reflects no further challenges until December 11, 2017 – nearly *25 years* later – when McGowan filed in the Pennsylvania Supreme Court an application for leave to file original process and a petition for writ of habeas corpus. (Pa. S. Ct. Misc. Dkt., No. 215 MM 2017). The Court granted his application for leave to file original process but denied the petition for a writ of habeas corpus in a *per curiam* order filed on February 20, 2018. (*Id.*) On May 14, 2018, McGowan petitioned the United States Supreme Court for a writ of certiorari from the Pennsylvania Supreme Court order of February 20, 2018. *See* https://www.supremecourt.gov/DocketPDF/18/18-5283/54982/20180720161356372_00000008.pdf (last visited Aug. 8, 2019). He asserted that his sentence was imposed "under a statute declared unconstitutional for being violative of the 8th and 14th Amendments" and thus "an illegal sentence imposed without

---

[1] The Common Pleas docket attributes three different procedural events – the affirmance of the conviction in the Superior Court, the filing of the petition for allowance of appeal, and the denial of that petition by the Pennsylvania Supreme Court – to the single date of December 8, 1986. The precise dates of those events ultimately will not affect our analysis.

2

authority" and depriving him of his due process rights. (*Id.*, Cert. Pet. at i.) He also asked the Court to consider whether the state supreme court's "unexplained refusal" to allow him to raise that claim on a state habeas petition was a denial of due process. (*Id.*) The Supreme Court denied his certiorari petition on October 1, 2018. (U.S. S. Ct. Dkt., No. 18-5283.) There are no further notations on the state court dockets of any additional challenges to this conviction.

McGowan has submitted a *pro se* § 2254 habeas petition dated July 3, 2019 which was received in the Middle District of Pennsylvania on July 19, 2019 and transferred to this district on July 26, 2019. He contends in Ground One of the petition that he was "unlawfully sentenced to life by a court lacking statutory authorization," in that he believes the statutes pursuant to which he was sentenced had been declared unconstitutional and had not yet been amended or replaced. (Pet. at 6.) On a related note, he contends in Ground Three that he was "civilly committed" and not sentenced legally because the judgment of conviction document allegedly failed to identify an enforceable statute authorizing his sentence. (Pet. at 9.) Finally, he asserts in Ground Two that he has a "fundamental constitutional right in this Commonwealth to a writ of habeas corpus, without restriction," regardless of other relief made available by state statutes such as the PCRA. (Pet. at 7.) He acknowledges that he did not raise these issues in the direct appeal of his conviction but rather sought to raise them in his petition for a writ of habeas corpus directed to the Pennsylvania Supreme Court in 2017. (Pet. at 6, 8, 9.)

Where asked on the form to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d)[2] does not bar [his] petition," McGowan contended that the judgment being challenged was that entered by the Pennsylvania Supreme Court on February 20, 2018, which he contends became final with the United States Supreme Court denial of certiorari on

---

[2] That statutory provision is reprinted in full in the form petition. *See* Pet. at 14.

October 1, 2018. (Pet. at 14.) He asserts that his petition is thus timely, as it was initiated prior to October 1, 2019. (*Id.*)

On July 29, 2019, the Honorable C. Darnell Jones, II referred this matter to me for preparation of a Report and Recommendation. We have not yet determined that an answer to the petition is required from the Bucks County District Attorney, nor that we require the original state court record from the Court of Common Pleas. *See* Rule 4, Rules Governing § 2254 Habeas Petitions (contemplating initial review by the court before ordering that an answer to the petition be filed). Before filing our R&R, we believe it necessary to give Petitioner an opportunity to be heard.

## II. DISCUSSION

McGowan's petition as presently pled presents a number of impediments to the Court awarding him any relief from his state court conviction. We address two procedural hurdles below in order that McGowan might have an opportunity to come forward with any facts that might support any exception to dismissal on timeliness and/or exhaustion grounds as to any claims that may be cognizable.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), legislation that pre-dates Petitioner's convictions, imposed a one-year period of limitations for the filing of an application for a writ of habeas corpus. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

McGowan seeks to apply subsection (d)(1)(A) with reference to "the judgment" of the Pennsylvania Supreme Court denying him review in 2018.[3] Subsection (d)(1)(A), however, refers to the "conclusion of direct review or the expiration of the time for seeking such review." The text of (d)(1)(A) does not suggest that it could be triggered by the conclusion of any other review process initiated on the whim of a petitioner.

With regard to subsection (d)(1)(A), and based upon the information provided in his petition (and as confirmed by online review of the publicly-available state court docket sheets), McGowan's judgment of conviction became final at a date not apparent from the record but

---

[3] McGowan characterizes that petition to the Pennsylvania Supreme Court for a writ of habeas corpus as his "only available avenue for relief from his illegal/unlawful sentence." (Pet. at 14.)

presumably not long after the Pennsylvania Superior Court affirmed his conviction on December 8, 1986. We will presume that his conviction was already final when AEDPA went into effect ten years later. As a result, by operation of § 2244(d)(1)(A), the limitations period set out in § 2244(d) would begin to run with the effective date of the AEDPA legislation, that is April 24, 1996.

McGowan's petition, which concerns the statutory authorization for his sentence and his access to the state courts, does not suggest the applicability of subsections (B), (C), or (D) of § 2244(d)(1).[4] Therefore, we conclude that the commencement of the limitations period is determined by subsection (d)(1)(A). Accordingly, it appears that the federal limitations period began to run on April 24, 1996, when the AEDPA statute of limitations became effective. In that he did not seek relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA") in the following year, there was no tolling pursuant to § 2244(d)(2). Therefore, the limitations period expired on April 24, 1997.

Under these circumstances, McGowan's petition filed on July 3, 2019 would be deemed untimely and subject to dismissal absent a valid claim that concerns of equity require that the limitations period be tolled. The United States Supreme Court recognizes that the AEDPA statute of limitations is subject to equitable tolling but that such tolling is appropriate only where extraordinary circumstances prevented the petitioner from filing his § 2254 petition on time and where the petitioner pursued his rights diligently. *Holland v. Florida*, 560 U.S.

---

[4] Petitioner does not contend that a new law affected the propriety of his sentence. Rather, he asserts that the only two statutes that governed sentencing for a conviction under 18 Pa. Cons. Stat. § 2502(a) at the time of his sentence had been declared unconstitutional prior to his sentencing and had not been replaced until 1995, years later. See Pet. at 6 (Ground One supporting facts).

631, 645-49 (2010). Alternatively, the untimeliness of a habeas petition may be excused if the petitioner has made a showing of actual innocence. As set forth by the Supreme Court, a showing of actual innocence can serve as a gateway to permit habeas review of otherwise procedurally-barred claims where a petitioner can persuade the federal court that, in light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To make this showing, a petitioner must present "(1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (quoting *Schlup*, 513 U.S. at 324, 327). The petition filed by McGowan makes no reference to either of these doctrines, nor does he make any assertion of innocence of the crime of which he was convicted in 1983. However, in an abundance of caution, and in order to ensure that this issue is developed and that Petitioner has an opportunity to be heard on the timeliness of his petition before we file our Report and Recommendation, we are giving him an opportunity to show cause why his petition should not be dismissed as time-barred.

   **B.**   **Exhaustion**

In addition to applying a statute of limitations to the federal writ, Congress has mandated also that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). As the Supreme Court has explained, these provisions require habeas petitioners to "give the states one full opportunity to resolve any constitutional issues by involving one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioners who have not done so have failed to exhaust their claims. *Id.*

McGowan has not satisfied 28 U.S.C. § 2254(b)(1)(A), which would require him to have "exhausted the remedies available in the courts of the State" with respect to any claims upon which he seeks federal habeas relief, as he did not raise in his direct appeal nor in his PCHA litigation any of the three grounds set out in his habeas petition. We appreciate that, according to his petition, he sought to present these claims to the Pennsylvania Supreme Court in his 2017 petition for writ of habeas corpus, docketed at No. 215 MM 2017. That avenue, however, does not reflect "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845 (1999). Accordingly, the petition presented is not in compliance with § 2254(b)(1). None of his claims are exhausted.

Although McGowan would be required under state law to exhaust his claims challenging the convictions through a PCRA petition, any such petition would now be time barred. *See, e.g., Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005) (observing that the petitioner had "never properly exhausted the claims at issue, [was] now 'clearly foreclosed' from doing so by the PCRA time limit, *see* 42 Pa. Cons. Stat. Ann. § 9545(b), and [that the] claims are therefore procedurally defaulted"). The Supreme Court has explained that "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally

8

barred[,] ... there is a procedural default for purposes of federal habeas [review.]" *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Our Court of Appeals has explained further that "[f]ederal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes 'cause' to excuse the default and actual 'prejudice' as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental 'miscarriage of justice.'" *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *Coleman*, 501 U.S. at 750).

Again, McGowan's petition does not purport to address the questions of cause and prejudice or the miscarriage of justice standard permitting federal court review of the merits of defaulted claims. Therefore, in order to ensure that this issue is developed and that Petitioner has an opportunity to be heard on the consequences of his procedural default before we file our Report and Recommendation, we are giving him an opportunity to show cause why his petition should not be dismissed as unexhausted and procedurally defaulted.

An appropriate order follows.